HALL, Defendant in Error, vs. SHANNON, Plaintiff in Error.

1. Crops sown by a tenant, and afterwards abandoned by him, and harvested by the landlord after the expiration of the lease, are not liable to attachment as the property of the tenant, whether the latter would have had the right to enter upon the land and gather the crops or not.

*Error to Marion Circuit Court.*

*Lipscomb*, for plaintiff in error.
*Anderson*, for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

Shannon, the plaintiff in error, sued Jeptha L. Wihle, in attachment, which was levied on some wheat in shocks. Hall, the defendant in error, claiming the wheat, interpleaded.

Simpson Mays died possessed of the land which produced the wheat, and his administrator, with the consent of his widow, leased it from year to year. Hall rented the land for a year ending the first of March, 1851; this he continued to do until March, 1853. In the summer of 1851, the widow of Mays intermarried with Wihle, the defendant in the attachment. The administrator continued to manage the land, notwithstanding this marriage. In the autumn of 1851, Hall gave leave to Wihle to sow a part of the land in wheat, which he did. Wihle afterwards parted with his wife, and during the winter following, left the country and has not been since heard of. The permission to sow was given before Hall had renewed his lease for the year 1852. Hall, under his renewed lease, reaped the crop in 1852, which is the subject of this controversy. The plaintiff in the attachment asked the following instructions, which were refused:

1. If the jury believe from the evidence, that Simpson Mays owned the farm upon which the crop of wheat in question was grown, that he died on the same, leaving a widow, to whom no

dower has been assigned in said farm ; that said widow became the wife of Wihle, the defendant in the attachment suit ; that after the marriage, Wihle sowed the wheat, with the consent of Hall, the tenant and plaintiff, and that plaintiff was only tenant for the year ending first of March, 1852, then the said crop was the property of Wihle, and he was entitled to possession of the farm from and after the said first of March, 1852, and they will find for the defendant.

2. If the jury find from the evidence, that Mrs. Wihle was the widow of Simpson Mays, deceased ; that he owned the farm upon which the wheat was grown, and died on said farm ; that since his death, dower in the same has not been assigned his said widow, and that the term for which plaintiff had rented it ended on the first of March, 1852, then she, in her right, as widow of Simpson Mays, deceased, was entitled to the rent of the farm and to possession thereof, upon the termination of plaintiff's tenancy, to-wit, 1st March, 1852, and all his right, in this regard, vested in Wihle, immediately upon the marriage, and they will, therefore, find the wheat to be the property of said Wihle. There was a judgment for Hall, the interpleader.

1. As the administrator of Mays continued the exercise of the power of leasing the land, and as that right was not interrupted by Wihle, in virtue of the quarantine of his wife, as he sowed by the permission of the lessee, all the interest he had in the land, after sowing the wheat, (if he even had that, as the lease under which he acquired permission to sow, expired before harvest time,) was the right to enter and gather the crop. As he abandoned the crop and left the country, the administrator had the right to lease the land, and the crop sown would go along with it, as an incident. Whether the administrator, under the circumstances, would be liable to Wihle for the value of his services, in sowing the crop, and for the seed wheat, it is not necessary now to determine. Shannon had no right to lie by until the wheat was harvested and then seize it. His only claim could be for the seed wheat and for the services of his debtor in putting it in.

There is nothing in the affidavits which discloses any ground for a new trial. The other judges concurring, the judgment will be affirmed.